## WILLIAM ATKINSON & *al. versus* THOMAS G. BROWN.

In a contract between the plaintiffs and the defendant in relation to the building of a house for the defendant, by the terms of which the plaintiffs were to lay all the brick work, and do the plastering in the same — and the defendant was to procure the joiner work to be done, and in which it was among other things stipulated that the house was to be completed by the 17th Sept. " and the plastering as soon after as the joiners shall have it ready;" *it was held*, that the plaintiffs were by the terms of this contract to fulfil their engagement the same year.

That the defendant being bound to procure the joiner work, and no time being fixed in which it was to be ready, the implication was, that it was to be ready in a reasonable time.

That if not ready, the defendant had no cause of complaint for any non-performance on the part of the plaintiffs.

And that the plaintiffs were not obliged to complete their contract the ensuing season.

THIS was a petition to enforce a lien under a written contract for performing certain work upon two houses belonging to the defendant.

The contract between the parties was dated the 30th day of June, 1836. It provided among other things, that the plaintiffs should lay all the brick of the defendant's house, &c. plaster said house, &c. — the walls of said house to be completed by the twentieth of September next, and the plastering as soon after as the joiners shall have it ready, the plaintiffs to work on the building themselves, unless prevented by sickness, with two or more good workmen, and that one or both should be there all the time ; the defendant to procure the joiner work to be done, and to furnish all the materials for completing the house, and to have them as near, and as convenient as usual, at the time the plaintiffs shall want them, &c ; and to pay the plaintiffs for any loss in waiting for materials, &c.

From the report of SHEPLEY J. by whom the cause was tried, it appeared that the joiners' work was not completed in 1836, and that the next season, the plaintiffs did not work on the house, and that the defendant procured the plastering to be done by others. It appeared that the plastering, so far as the house was prepared the first season, was completed. The mason work in the north tenement was done in 1836, but the joiners' work in the south tenement was not finished so that the plastering could be done.

The defendant's counsel contended that by the contract, the plaintiffs were obliged to have finished the plastering the second season, or should have offered to have done it, if not prepared for them the first season.

The plaintiffs denied they were so bound, and if they were, that they were not obliged to do it without notice of its being prepared, and a request to do it.

The defendant was defaulted for the amount of the plaintiffs' claim, subject to the opinion of the Court, whether they are entitled to recover. Such judgment is to be entered as the rights of the parties require.

*Cutting*, for the defendants.

*Gilman & Rogers*, for the plaintiff.

The opinion of the Court was by

WESTON C. J. — The plaintiffs did not complete the work they stipulated to do, under the contract; and are therefore not entitled to prevail, unless their failure in part is excused by the act or neglect of the defendant. We are of opinion, that it is fairly deducible from the contract, that the plaintiffs were to fulfil their engagement in the season of 1836. The house, that is, its exterior walls, was to be completed by the seventeenth of September of that year; "and the plastering as soon after, as the joiners shall have it ready."

The joiner work was to be procured by the defendant. That was to precede the plastering. The contract makes no distinction between the north and south tenements. No time being fixed, within which the joiner work was to be ready, the implication is, that it was to be ready, within a reasonable time. If the plastering was to be done in 1836, it was reasonable and necessary that the joiner work should be ready the same season. There was nothing to prevent it, if the defendant had employed a sufficient number of hands. As far as it was ready, the plastering followed, according to the agreement. But if the defendant thought proper to delay the completion of the south tenement, until the following season, he has no right to complain that the plaintiffs did not plaster that part of the house. They might have been under other engagements for the next year. He can have no valid defence, on this ground, to their claim of payment for what they have done under the contract. And even if they were bound to proceed, when that tenement was ready, after the defendant had delayed it so long, being a matter peculiarly within his privity and knowledge, he should have notified them, and called upon them to finish their undertaking. Instead of taking this course, he procured others to do the service.

*Judgment for the plaintiff.*